Tun **THEIN** & **Xiang Fei**, Petitioners,

v.

Alberto R. **GONZALES**,[1] Respondent.

Nos. 03–41103–AG(L), 03–41104–AG(CON).

United States Court of Appeals, Second Circuit.

April 5, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Edmond E. Chang, Jonathan C. Haile, Carole J. Ryczek, Assistant United States Attorneys, Chicago, Illinois, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. THOMAS J. MESKILL, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 5th day of April, two thousand and six.

UPON DUE CONSIDERATION of the petitions for review of the Board of Immi-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

gration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Tun Thein and Xiang Fei, through counsel, petition for review of the BIA's denial of asylum, withholding of removal and relief under Article 3 of the Convention Against Torture. We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA affirms the Immigration Judge's ("IJ") decision without opinion, this Court reviews the IJ's decision directly. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). Moreover, this Court does not review issues that were not exhausted before the BIA as it lacks the jurisdiction to do so. *See* 8 U.S.C. § 1252(d)(1); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir.2004) (holding that, whether the cause for failure to exhaust is an applicant's failure to file an appeal with the BIA or his failure to present the "discrete issue" later raised in a petition for review, this Court lacks jurisdiction over unexhausted issues).

Here, although Thein and Fei seek to challenge the IJ's denial of asylum, they recognize that this Court lacks jurisdiction to review the IJ's finding that their asylum application was time-barred under 8 U.S.C. § 1158(a)(3). Further, although Thein and Fei generally challenged the IJ's denial of withholding and CAT relief in their counseled brief to the BIA, at that stage, they did not challenge the IJ's adverse credibility determination or point to any errors in the IJ's decision. Instead, they reiterated the same facts that the IJ found to be incredible, and sought to show how those facts qualified them for refugee status. Since Thein and Fei failed to exhaust their administrative remedy before the BIA regarding the issue of the IJ's credibility determination, this Court lacks jurisdiction to review such determination.

*See* 8 U.S.C. § 1252(d); *Foster*, 376 F.3d at 78 ("To preserve a claim, we require petitioner to raise *issues* to the BIA in order to preserve them for judicial review.") (emphasis in original; internal quotation marks omitted). Therefore, all we have before us is incredible testimony to support Thein and Fei's claims for withholding of removal and CAT relief. Such evidence does not suffice.

For the foregoing reasons, the petitions for review are DENIED. Having completed our review, any stay of removal that the Court previously granted in the petitions is VACATED, and any pending motion for a stay of removal in the petitions is DENIED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).